UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL GOMBASH, ET AL. | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23-1268 |
| | ) | |
| v. | ) | Judge Hon. Jorge L. Alonso |
| | ) | |
| WE EAT HOSPITALITY GROUP, LTD., ET AL.., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

The parties have conferred as required by Rule 26(f), and jointly submit the following Initial Status Report.

I. **Nature of the Case**

    A. **Attorneys of Record:**

        For the Plaintiffs: Ethan G. Zelizer (lead trial counsel) of HR LAW COUNSEL, LLC.

        For the Defendants: Richard J. Miller (lead trial counsel) of the Miller Law Firm P.C.,

    B. **Basis for Federal Jurisdiction:** Plaintiffs allege that this Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), as one of Plaintiffs' claims arises under the laws of the United States and specifically under the federal Fair Labor Standards Act, 29 U.S.C. § 201, et seq. In addition, Plaintiffs allege that this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

    C. **Nature of Claims and Counterclaims:** Plaintiffs allege that Defendants failed to compensate them for all hours worked, failed to pay them at a rate of one and one-half times their normal hourly rate of pay for all time performed in excess of forty (40) hours per workweek in violation of Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (FLSA) and the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, et seq. (IMWL), and failed to pay Plaintiffs their agreed upon wages for all hours worked in violation of the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, et seq., ("IWPCA").

D. **Major Legal and Factual Issues:**

<u>Principal Legal Issues</u>: The principal legal issues are whether Defendants violated the FLSA, IMWL and IWPCA; whether Defendants' alleged violation of the FLSA and IMWL was willful; whether Plaintiffs were Defendants' employees as defined by the FLSA, IMWL and IWPCA; whether Defendants properly applied the "tip credit" under Illinois law; whether Defendants failed to pay Plaintiffs according to an agreed upon wage rate.

<u>Principal Factual Issues</u>: The principal factual issues are the number of hours Plaintiffs worked, total compensation paid to Plaintiffs, Plaintiffs' rate(s) of pay for all hours worked within the relevant time period, Defendants' manner of tracking and recording hours worked, Plaintiffs total hours worked, what the agreement was between Defendants and Plaintiffs for Plaintiffs' compensation, and the proper calculation of the damages alleged to be due to Plaintiffs based upon their hours worked.

E. **Relief Sought by Plaintiff:** Plaintiffs seek relief in the form of judgment for all unpaid back pay, including overtime, equal for the time worked within the three (3) years preceding the filing of the Complaint, liquidated damages in an amount equal to the amount of unpaid compensation, prejudgment interest, reasonable attorneys' fees and costs incurred, an injunction precluding Defendants from violating the FLSA and IMWL. In addition, Plaintiffs seeks unpaid wages, prejudgment interest, statutory damages, and reasonable attorneys' fees and costs in accordance with the IWPCA. Defendants deny that Plaintiffs are entitled to the relief sought.

II. **Pending Motions and Case Plan:**

A. **Pending Motions:** There are no pending motions.

B. **Discovery**: The parties have not requested or exchanged any discovery at this time. No discovery schedule has been set. The parties propose the following discovery schedule:

1) Parties will seek wage, time, and employment records. The parties believe some electronic records may be produced but do not anticipate any ESI issues at this time.

2) Rule 26(a)(1) Disclosures due June 22, 2023.

3) Amendment to Pleadings by June 22, 2023.

4) The parties do not currently anticipate the need for any protective orders, but the need may arise as discovery proceeds.

5) Discovery to be completed by January 7, 2024.

6) The parties do not currently anticipate expert discovery. In the event that expectation changes, the parties will meet and confer on a schedule for expert discovery and submit that to the Court via motion.

7) Dispositive motions to be filed by March 1, 2024.

8) The parties anticipate this matter to be ready for trial forty-five (45) days after the Court issues a ruling on any dispositive motions.

C. **Trial:** Plaintiffs have requested a jury trial. The parties anticipate a trial length of 3 days.

III. **Consent to Proceed Before a Magistrate Judge:** The parties do not consent to proceed before the Magistrate Judge.

IV. **Status of Settlement Discussions:**

    A. **Settlement Discussions:** No settlement discussions have occurred at this time; however, the parties have all expressed interest in exploring potential early resolution.

    B. **Settlement Conference:** The parties do not request a settlement conference at this time. The parties reserve the right to request a settlement conference at a later date.

Dated:      May 8, 2023

Respectfully Submitted,

Attorney for Plaintiffs:                          Attorney for Defendants:

*/s/ Ethan G. Zelizer*                          */s/ Richard J. Miller*
HR LAW COUNSEL, LLC                 The Miller Law Firm

HR Law Counsel                               The Miller Law Firm P.C.
29 Main Street                                 1051 Perimeter Drive, Suite 400
Suite 350-C                                    Schaumburg, IL 60173
Naperville, IL 60540                     richard.miller@millerlawfirm.org
ethan@hrlawcounsel.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he served a copy of the attached document, Joint Initial Status Report, to the parties listed below by electronically filing the same with the Clerk of the U.S. District Court of the Northern District of Illinois on May 8, 2023.

Richard J. Miller
The Miller Law Firm P.C.
1051 Perimeter Drive, Suite 400
Schaumburg, IL 60173
richard.miller@millerlawfirm.org

/s/ Ethan G. Zelizer
One of Plaintiffs' Attorneys